**IT IS ORDERED as set forth below:**



**Date: January 22, 2024**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-56690-LRC |
| | : | |
| VERGENIA ROCHELLA | : | |
| LAWRENCE-YAZID, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

On December 21, 2023, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Vergenia Rochella Lawrence-Yazid ("**Debtor**"), filed a *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 34] (the "**Motion**") and related papers with the Court, seeking an order, among other things,[1]

---

[1] The following is meant only as a summary of the relief requested in the Motion and the terms of the Settlement Agreement. To the extent that the terms of this Order and the terms of the Settlement Agreement conflict, the terms of the Settlement Agreement shall control.

approving a settlement agreement (the "**Settlement Agreement**") between Trustee and Amasis K. Yazid ("**Mr. Yazid**" and with Trustee, the "**Parties**") related to the Trustee's Co-Owned Property Issues[2] raised against Mr. Yazid in that certain adversary proceeding styled as *Hays v. Yazid* (Adv. Pro. No. 23-5158-LRC) (the "**Adversary Proceeding**") regarding that certain real property with a common address of 5860 Ocoee Trail, Douglasville, Georgia 30135 (the "**Property**"). In particular, the Parties agree that Mr. Yazid shall pay a total of $20,000.00 (the "**$20,000.00 Settlement Funds**") in good funds to Trustee in exchange for Trustee's transferring the Interest of the Bankruptcy Estate in the Property to Mr. Yazid. There are also provisions regarding: (a) Mr. Yazid's maintaining the Property; (b) Mr. Yazid's agreeing to assume any responsibility that the Bankruptcy Estate may have to pay exemptions claimed in the Property; and (c) Mr. Yazid's being allowed a subordinated $20,000.00 claim against the Bankruptcy Estate once he pays the $20,000.00 Settlement Funds in good funds to Trustee. Finally, upon the later of: (a) the Settlement Approval Order (i.e., this Order) becoming a final order; (b) Trustee's receiving the $20,000.00 Settlement Funds from Mr. Yazid in good funds; or (c) Trustee's delivering the trustee deed to Mr. Yazid in accordance with Section 2.3 of the Settlement Agreement, Trustee and Mr. Yazid shall file a stipulation dismissing with prejudice the Adversary Proceeding. The exact terms of the Settlement Agreement are set forth on Exhibit "A" to the Motion.

Also on December 21, 2023, Trustee filed a *Notice of Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure; Deadline to Object; and for Hearing* [Doc. No. 35] (the "**Notice**") regarding the Motion, in accordance with the

---

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

Third Amended and Restated General Order No. 24-2018, and setting a hearing on the Motion for February 8, 2024 (the "**Hearing**").  Counsel for Trustee certifies that he caused the Notice to be served on all requisite parties in interest on December 21, 2023.  [Doc. No. 36].

No objection to the relief requested in the Motion was filed prior to the objection deadline provided in the Notice and pursuant to the Third Amended and Restated General Order No. 24-2018.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated into this Order.  It is further

**ORDERED** that Trustee may take any other actions necessary to satisfy the terms of the Settlement Agreement including transferring the Interest of the Bankruptcy Estate in the Property to Mr. Yazid via a trustee deed in substantially the same form of the trustee deed attached to the Settlement Agreement as Exhibit "A." It is further

**ORDERED** that the transfer of the Interest of the Bankruptcy Estate in the Property to Mr. Yazid as provided in the Settlement Agreement is "as is," "where is," and without representation or warranty, express or implied, from Trustee.  It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii)

enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Order prepared and presented by**:

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
Telephone: (404) 410-1220
Email: mbargar@rlkglaw.com

**Identification of entities to be served:**

Jessica Leann Douglas
Clark & Washington, LLC
3300 Northeast Expressway Bldg 3
Atlanta, GA 30341

Vergenia Rochella Lawrence-Yazid
5860 Ocoee Trail
Douglasville, GA 30135

Amasis K. Yazid
5860 Ocoee Trail
Douglasville, GA 30135

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road, Suite 555
Atlanta, GA 30305-2153

Michael J. Bargar
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329